# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAMES EVERLING                                                                              PLAINTIFF

v.                      No: 3:19-cv-00151 DPM-PSH

CRAIGHEAD COUNTY DETENTION
CENTER, *et al.*                                                               DEFENDANTS

## ORDER

Plaintiff James Everling filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) on May 16, 2019, while he was incarcerated at the Craighead County Detention Center ("CCDC"). On June 24, 2019, Everling updated his address indicating he has been released from prison. *See* Doc. No. 6. The Court ordered Everling to submit an *in forma pauperis* ("IFP") application which reflects his free-world financial status (Doc No. 7). Everling filed an IFP application on July 19, 2019 (Doc. No. 8).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action IFP still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Everling's resubmitted IFP shows that he has no funds with which to pay the filing fee; accordingly, his request to proceed IFP is GRANTED. Everling remains responsible for payment of the filing fee for this action.

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to states a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Court needs more information to screen Everling's claims. Everling must amend his complaint to clarify his claims and describe specific facts to show how each defendant violated his constitutional rights and how he was injured as a result. It appears Everling alleges that he had property stolen while incarcerated at the CCDC. If this is the nature of Everling's claim, he is advised that the loss of property does not support a constitutional claim because Arkansas provides an adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (unauthorized deprivation of property does not constitute violation of procedural due process if meaningful post-deprivation remedy is available); *Willis Smith & Co., Inc. v. Arkansas,* 548 F.3d 638, 640 (8th Cir. 2008) (Arkansas provides adequate post-deprivation remedy for property claims through the Arkansas State Claims Commission).

The Clerk of Court is directed to send a blank § 1983 complaint form to Everling. Everling is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, this case may be dismissed.

IT IS SO ORDERED this 19th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE